## THE NEDERLAND.*

*(Circuit Court, E. D. Pennsylvania. October 23, 1882.)*

ADMIRALTY—COMMON CARRIER—NEGLIGENCE—INJURY TO PASSENGER.

> In an action against a steam-ship to recover damages for injuries sustained by a passenger, unless it appears that the respondent failed in the exercise of that degree of care and diligence which the law requires of carriers of passengers, and that its negligence in this behalf was the cause of the libelant's injury, the latter cannot recover.

Appeal from a Decree of the District Court.

The facts and the opinion of the district court are fully reported in 7 FED. REP. 926.

*D. Cowan, M. Veale,* and *J. Warren Coulston,* for appellant.

*Henry G. Ward* and *Morton P. Henry,* for appellee.

McKENNAN, C. J. This is an appeal from the decree of the district court dismissing a libel *in rem* for the recovery of damages for personal injuries received by the libelant on board the Belgian steamer Nederland, as the consequence of the alleged negligence of the officers and employes of said vessel.

The following facts are found as the result of the evidence:

(1) On the twenty-first of February, 1877, the libelant was a steerage passenger on the Nederland, on a voyage from Antwerp to Philadelphia.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

(2) On that day the crew was ordered to handle the fore try-sail boom, preparatory to setting the fore try-sail. The libelant and a number of other passengers were sitting under the boom, and were directed by an officer to move away, which warning was expressed in three languages—English, German, and Belgian.

(3) All the passengers moved away except the libelant and another.

(4) While the crew were pulling up the boom by means of the port lift, the block which connected the tackle, by a swivel hook, with the eye-bolt in the deck gave way, and the boom coming down struck the libelant in the back, and inflicted permanent injuries upon him.

(5) The block was constructed of the material and after the manner of those in general use in foreign vessels, and was altogether suitable for the purpose for which it was used.

(6) A strong iron band was tightly bound around the block, and through it passed a swivel-hook, secured by a shoulder, which rested on the under side of the band, and between it and the top of the wooden block.

(7) The swivel-hook drew out of the iron band in which it was fastened, allowing the boom to fall and strike the libelant. This was owing to a latent defect in the shoulder, which could not be discovered by an exterior examination of the block, or without taking it all apart.

(8) On every trip of the vessel the blocks were all overhauled, the bolts and sheaves taken out and put in order, and the swivels seen to be in working condition.

(9) The place where the injury occurred to the libelant was not one of special danger. The only danger was such as might result to those in the way of the moving ropes and sails, and from the possible breaking of the machinery in the process of lifting the boom.

(10) Upon all the evidence in the case negligence contributory to the libelant's injury is not imputable to the respondent.

Unless it appears that the respondent failed in the exercise of that degree of care and diligence which the law requires of carriers of passengers, and that its negligence in this behalf was the cause of the libelant's injury, he cannot recover. As it is found that the respondent was not negligent in the performance of the full measure of his duty to the libelant, his libel must be dismissed, with costs; and it is so ordered.